```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
SANTOS GUZMAN,                         :
                                       :      COMPLAINT
        Plaintiff,                     :
                                       :
           -against-                   :      08-cv-11036 (JGK)
                                       :
MARJAC CLEANING SERVICES,              :
JACMAR ENTERPRISES, INC.               :
MICHAEL DUIGNAN, MANHATTAN AUTO        :
GROUP, INC.,                           :
                                       :
        Defendants.                    :      JURY TRIAL
                                       :      DEMANDED
---------------------------------------X
```

Plaintiff, through his attorney, alleges upon personal knowledge and information and belief as follows:

## NATURE OF THIS ACTION

1.   This action is brought by Plaintiff to recover damages for defendants' conduct in discriminating and retaliating against plaintiff in the terms and conditions of his employment, as well as violations of the Fair Labor Standards Act and pendant claims.

## THE PARTIES

2.   Plaintiff is a resident of New York, New York. He worked for defendant Marjac Cleaning Services between 2005 and 2003.

3.	Defendant Marjac Cleaning Services is a division of Jacmar Enterprises, Inc, a New York corporation.  Defendant Duignan is a principal of and, upon information and belief, the sole shareholder of Jacmar. Defendant Manhattan Auto Group, Inc. is a New York Corporation.

JURISDICTION AND VENUE

4.	Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, specifically, the Fair Labor Standards Act.  Jurisdiction is also founded upon 28 U.S.C. § 1367(a) in that the court has supplemental jurisdiction over claims that are related to the claims brought pursuant to 28 U.S.C. § 1331.

5.	Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which the events and omissions giving rise to plaintiff's claims occurred. Venue is also properly placed under 28 U.S.C. § 1391(c) in each of the defendants does business in this judicial district.

FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

6. Plaintiff began work at Marjac in October 2005 as a maintenance worker, at $8.80 an hour for 40 hours a week. He was stationed as a contractor at Manhattan Auto Group.

7. During the time he was employed at Marjac and stationed at Manhattan Auto, plaintiff never got bad evaluations. In between about a few weeks after the start of his employment to approximately February 2006, plaintiff put in an extra 5-6 hours of work per week in overtime.

8. At some time in early 2006, plaintiff learned that he was entitled to time and a half for work performed over forty hours per week, and he complained to Duignan about this.

9. In response to this complaint, Duignan did not compensate him the extra time, but retaliated by reducing his hours to thirty five per week

10. In or about May 2007, a man by the name of Steve Ira, a supervisor for security at Manhattan Auto called plaintiff a "spic" and said something like "only spics do mopping." This happened in front of Chrystal and Victor

Vega, plaintiff's immediate supervisors and another employee, Alex Ciarrasquillo, who became visibly upset.

11.  Plaintiff complained to the Vegas and asked that they make a report about this incident which, upon information and belief, they did.

12.  At or about this time, Steve Ira, as well as two floor supervisors at Manhattan Auto began harassing plaintiff because of the complaint, urging him to drop it.

13.  Over the course of the next several months, Duignan started calling him an animal, insinuated that plaintiff was a thief, ridiculed him for wearing earrings which, according to Duignan, were for "queers," took away assistants, cleaning supplies and cleaning machine. When plaintiff protested, Duignan admitted to him "I got a big hard-on for you."

14.  Steve began to retaliate as well, turning off the lights while plaintiff was working, then making complaints that he was working in the dark. Steve at one point instituted a "sign out policy" for lunch, but required plaintiff to use 150-30 minutes of his lunch hour to go to

a different post, and wait for another security guard to actually complete the task.

15. Plaintiff complained again to Duignan – about the treatment he suffered from both Ira and Duignan, but Duignan said, "if you don't like it, then quit." Plaintiff complained again about being Duignan allowing Ira to harass him with impunity, and mentioned the complaint he had filed against Ira months earlier.

16. Duignan became visibly upset at this mention, and said, "I am going to take care of this."

17. The following week, plaintiff began to be ignored by everyone at the facility. They treated him indifferently, would not talk to him. Alex, who had heard Ira call plaintiff a "spic" told plaintiff that he was had been told by Duignan not to talk to plaintiff and feared for his job.

18. Defendants began to give plaintiff more work than usual and take away any assistance he had at all.

19. At one point, some of the workers at Manhattan Auto tried to assault him with a car. Plaintiff complained to Duignan, to told him to "put a license plate on your ass."

20. On September 10, 2007, plaintiff was terminated from his employment. Shortly thereafter, he filed a complaint with the New York City Commission on Human Rights.

21. In retaliation therefore, defendants contested plaintiffs unemployment claim, and fabricated documents in order to defeat his right to obtain unemployment. The entire ordeal caused him vast emotional distress and loss of pay. He now sues for redress.

## FIRST CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

22. Plaintiff repeats and realleges the allegations set forth in previous paragraphs as if fully set forth herein.

23. Plaintiff, was subject to a hostile work environment and terminated and otherwise subject to the loss and enjoyment of his terms of employment because of a complaint he made about discriminatory treatment.

24. As the result of the foregoing, plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## RETALIATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

25. Plaintiff repeats and realleges the allegations set forth in previous paragraphs as if fully set forth herein.

26. As the result of the foregoing, plaintiff has been damaged.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff repeats and realleges the allegations set forth in previous paragraphs as if fully set forth herein.

28. Plaintiff was willfully denied time and a half overtime while employed at Marjac.

29. As the result of the foregoing, plaintiff has been damaged.

## FOURTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE NEW YORK LABOR LAW §215

30. Plaintiff repeats and realleges all allegations previously set forth.

31. In 2006, plaintiff complained about failure to pay overtime.

32. As a result of this, defendants reduced his hours and otherwise retaliated against him.

33. Plaintiff has thereby been damaged in an amount as yet to be determined.

**WHEREFORE,** Plaintiff demands as follows:
- A. Compensatory damages;
- B. Punitive damages;
- C. Liquidated damages
- D. Cost of suit and attorneys fees;

   E. Such other relief as the Court may deem just and proper.

  Dated: New York, New York
      January 6, 2009

            _____/s/_____
            GREGORY ANTOLLINO
            Attorney for Plaintiff
            116 West 22nd St, Fifth Floor
            New York, NY 10011
            (212) 334-7397